Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
401 W. Baseline Rd, Suite 210
Tempe, Arizona  85283
Tel:  (480) 517-1400
Fax:  (480) 517-6955
 Attorneys for Plaintiff Rothe

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Viki L. Rothe,<br><br>       Plaintiff,<br><br>vs.<br><br>Resurgent Capital Services, L.P.,<br><br>       Defendant. | No. _____<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.   Defendant debt collector sued Plaintiff in Arizona Justice Court for a credit card debt beyond the statute of limitations.  After Plaintiff retained counsel and asserted her statute of limitations defense, Defendant dismissed its case without prejudice, leaving Plaintiff to pay her own attorney's fees and costs.  Throughout the course of its failed lawsuit, Defendant continued to send Plaintiff collection letters directly.  Plaintiff brings this action to remedy

1. Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*, and its invasion of her privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337(a).

3. This Court has supplemental jurisdiction over Rothe's state law claim pursuant to 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff Viki Rothe ("Rothe") is a natural person residing in Tempe, Maricopa County, Arizona.

5. Rothe is a natural person, allegedly obligated to pay a debt, and is thus a "consumer" under the FDCPA. 15 U.S.C. § 1692a(3).

6. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited partnership registered to do business in Arizona.

7. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

8. Resurgent is a "debt collector' as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Rothe is a single mother, who works two jobs, in order to support herself and her daughter.

10. In late 1998 or early 1999, Rothe obtained a credit card from Providian Bancorp Services, LLC ("Providian").

11. Rothe used the credit card for personal, family, or household purposes.

12. She made payments for approximately a year and a half.

13. In the early summer of 2000, Rothe began experiencing financial difficulties and stopped making payments on her credit card.

14. Rothe last made a payment on her credit card in June or July of 2000.

15. On April 17, 2006, the Law Offices of Paul Guglielmo ("Guglielmo") pulled Rothe's Experian credit report.

16. Guglielmo subsequently pulled Rothe's credit report again on December 27, 2006.

17. Upon information and belief, Guglielmo was acting on behalf, and as agent of, Resurgent, when it pulled Rothe's credit report.

18. Rothe's credit report clearly indicated that she was thirty (30) days late on her credit card as of August of 2000 and had not made a payment subsequent to that date.

19. In Arizona, the statute of limitations for an action where indebtedness is evidenced by or founded upon a contract in writing is six years.  A.R.S. § 12-548.

20. On March 28, 2007, almost seven years after Rothe made her last payment on her credit card, Resurgent sued her in Justice Court.  (A copy of the complaint filed in Justice Court is attached as Exhibit A).

21. In its complaint, Resurgent asserted that Rothe was indebted to Resurgent in the amount of $3,660.86.

22. The complaint was served on Rothe outside of her home.

23. In order to defend against Resurgent's lawsuit, Rothe was forced to retain counsel.

24. On April 30, 2007, Rothe's counsel entered an appearance on behalf of Rothe in the Justice Court proceeding.

25. At the same time, Rothe filed an answer, in which she asserted that Defendant's complaint was barred by the statute of limitations.

26. On May 9, 2007, Rothe served her First Set of Discovery Requests on Defendant, seeking to determine the basis on which it believed its claim was not barred by the statute of limitations.

27. On May 12, 2007, Rothe received a letter from a company called Northstar Location Services, LLC, ("Northstar") which was attempting to collect the

4

same debt. (A copy of the collection letter, which Rothe received from Northstar, is attached as Exhibit B).

28. Northstar claimed that the account has been referred to it by LVNV Funding.

29. Northstar claimed that the amount due on the account was $6,114.16.

30. On May 21, 2007, Defendant's counsel called and offered to dismiss Defendant's claim against Rothe with prejudice if she would agree that both sides would pay their own attorney's fees and costs.

31. Because Rothe had incurred attorney's fees in defending the improperly brought lawsuit, she refused.

32. On May 22, 2007, Defendant sent Rothe another letter attempting to collect the same debt. (A copy of that letter is attached as Exhibit C).

33. In this letter Resurgent stated:

> This account has been placed with Resurgent Capital Services, L.P. Enclosed please find an original validation of debt that verifies the debt.

34. In that letter, Resurgent listed the balance due on the account as $6,119.19.

35. On the back of the letter, in a privacy notice, Resurgent included a statement to the effect that Resurgent and LVNV Funding, LLC were both considered "Sherman Companies."

36. The purported validation of the debt, was nothing but a typed statement, which stated as follows:

5

> Validation of Debt
> May 22, 2007
> VIKI L ROTHE
>
> The account of VIKI L ROTHE acquired from Providian Financial Corp. is now owned by LVNV Funding LLC.
>
> At the time the account was acquired from Providian Financial Corp, Providian Financial Corp advised that the balance owing was $3,340.60. Since that time, additional interest, fees, payments, credits and offsets, if applicable, have been allowed, for a current balance of $6,119.19.

(A copy of the validation of the debt is attached as Exhibit D).

37. At the time that Resurgent sent Rothe the May 22nd letter, it: 1) knew that she disputed the debt; 2) knew that she was represented by counsel; and 3) knew that its claim was barred by the statute of limitations.

38. On May 25, 2007, Resurgent sent Rothe a letter stating:

> We have received your recent inquiry regarding this account and are in the process of investigating your claim. Once a determination is made, we will contact you with the results of our research.

(A copy of that letter is attached as Exhibit E).

39. The May 25th letter listed the balance of the alleged debt as $6,126.24.

40. The May 25th letter listed the current creditor as LVNV Funding LLC.

41. Rothe had not sent an "inquiry" to Resurgent regarding the alleged debt.

6

42. On June 15, 2007, Resurgent sent Rothe yet another letter, with the identical information as the May 25th letter, with the exception of the account balance. (A copy of that letter is attached as Exhibit F).

43. The June 15th letter listed the balance of the loan as $6,139.34.

44. Rothe has never contacted Resurgent directly regarding this account.

45. On June 18, 2007, Defendant moved to dismiss its complaint against Rothe, without prejudice, each party to bear its own costs and attorney's fees

46. On June 21, 2007, Rothe filed a response, opposing the dismissal unless the dismissal was with prejudice and Resurgent paid Rothe's attorney's fees and costs.

47. On June 22, 2007, the Justice Court dismissed Resurgent's action, without prejudice, each party to bear their own costs and fees. (A copy of that Order of Dismissal is attached as Exhibit G).

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

48. Defendant's acts and omissions constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to:

   a. The use of false, deceptive, or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e;

   b. Misrepresenting the character, amount, or legal status of the debt; 15 U.S.C. §1692e(2)(A);

    c.    Threatening to collect an alleged debt, attorney's fees, and costs when such action could not be legally taken; 15 U.S.C. §1692e(5);

    d.    Communicating with Rothe directly even though it knew that she was represented by counsel; 15 U.S.C. § 1692b(6); 1692c(a)(2);

    e.    Using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; 15 U.S.C. § 1692e(10); and,

    f.    Using unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

49.    As a result of Defendant's violations of the FDCPA, Rothe suffered damages in an amount to be determined by this Court.

50.    As a result of the above violations of the FDCPA, Defendant is liable to Rothe in the sum of Rothe's actual damages, statutory damages in the amount of $1,000, and costs and attorney's fees.  15 U.S.C. §1692k(a).

## COUNT II: INVASION OF PRIVACY

51.    Resurgent's debt collection efforts with respect to Rothe were unreasonable.

52.    Resurgent knew or should have known that its claim against Rothe was barred by the statute of limitations.

53.    Resurgent knew that Rothe was represented by an attorney, yet continued to contact her directly, or to have its affiliates contact her.

8

54. Consequently, Resurgent's acts and omissions constitute an invasion of privacy.

55. As a result of Resurgent's invasion of privacy, Rothe suffered damages in an amount to be determined by this Court.

56. In invading Rothe's privacy, Resurgent acted with an evil mind, intending to injure Rothe or consciously disregarding the substantial risk that its conduct would cause significant harm to Rothe.

57. Rothe is therefore entitled to recover both actual and punitive damages

## JURY DEMAND

58. Rothe demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award her:

A. Her actual damages;

B. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §§1692k(a)(2);

C. Punitive Damages;

D. Attorney's fees and costs in bringing this action pursuant to 15 U.S.C. §1692k(a)(3);

E. Prejudgment and post-judgment interest; and,

F. Such other relief as it deems just.

RESPECTFULLY SUBMITTED July 5, 2007.

                                        CHOI & FABIAN, PLC


                                    /s/ Veronika Fabian
                                  Attorneys for Plaintiff Rothe